[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION 
After a hearing before the Commissioner of Motor Vehicles, the plaintiff's license was suspended for a period of two years pursuant to the implied consent to test law, C.G.S. § 14-117b. The hearing officer found the plaintiff had refused to submit to the blood alcohol test after a police officer found him in his running parked truck, and in the opinion of the police officer, under the influence of alcohol. The plaintiff filed an appeal of the administrative decision to court, pursuant to C.G.S. §4-183 et seq. and now seeks a stay of enforcement of an agency decision pursuant to § 4-183(f).
The Supreme Court has "vested a large measure of discretion in trial judges in terminating or granting stays." GriffinHospital v. Commission on Hospitals Health Care, 196 Conn. 451,459. The court has promulgated the "balancing of equities" test concerning stays. This test considers, but is not limited to, the following factors: 1) the likely outcome of appeal, 2) the irreparability of the prospective harm to the applicant or 3) the effect of delay in implementation of the order upon other CT Page 4213-OO parties as well as upon the public interest. Id. at 458-9.
Here, the plaintiff has not demonstrated a viable challenge to the administrative decision and in all probability, is unlikely to be successful on appeal. The plaintiff was afforded his full due process rights during the administrative hearing and a trial court "is forbidden by statute from substituting its judgment for that of the agency as to the weight evidence or questions of fact." Nelesco Navigation Co. v. Dept. of LiquorControl, 34 Conn. App. 352, 354 (1994).
Although suspension of the plaintiff's license may result in hardship, this is far outweighed by the public policy concerns and the legislature's mandate in the implied consent to test statute. See State v. Boucher, 207 Conn. 612, 618 (1988).
Finally, the parties agreed the matter will be ready to be heard on appeal in the near future. Therefore, the plaintiff is not prejudiced.
Accordingly, the plaintiff's application for stay is denied.